**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DALE STANFILL,

      Plaintiff,                  CASE NO. 09-CV-12210

*v.*                                  DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                  MAGISTRATE JUDGE CHARLES E. BINDER

MICHIGAN PAROLE BOARD,
BARBARA S. SAMPSON, *Chairman,*
JOHN SCHLINKER,

      Defendants.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.**      **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte*

**DISMISSED** for failure to state a claim upon which relief may be granted.[1]

**II.**      **REPORT**

**A.**      **Introduction**

Plaintiff Dale Stanfill is a state prisoner who is currently incarcerated at the G. Robert

Cotton Correctional Facility in Jackson, Michigan.  On June 8, 2009, Plaintiff filed a *pro se*

Complaint for Declaratory and Injunctive Relief pursuant to 42 U.S.C. § 1983.  On June16, 2009,

U.S. District Judge Lawrence P. Zatkoff referred all pretrial matters to the undersigned magistrate

judge.  Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma*

_____

[1]I note that in the event this Report and Recommendation is adopted, Plaintiff's pending motion to effectuate service by U.S. Marshal (Doc. 3) will be moot.

*pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on June 19, 2009. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

### B.   Governing Law

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

A civil rights case under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by

federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### C.     Background

In Michigan, a prisoner serving a parolable life sentence, as is Plaintiff, may be released on parole "only after the prisoner has proceeded through the initial interview, avoided judicial veto, and advanced through a public hearing to the ultimate decision of the Parole Board at which time the Parole Board either grants or denies parole." *Gilmore v. Parole Board*, 635 N.W.2d 345, 361 (Mich. Ct. App. 2001).

In this case, Plaintiff challenges one aspect of his "initial interview." Plaintiff reports that on July 7, 2007, Defendant John Schlinker, a member of the Michigan Parole Board, conducted a "video conference" parole interview with Plaintiff. (Compl. at 4.) Plaintiff contends that, because the word "interview" is defined in several dictionaries as "a meeting face to face," Michigan law requires the parole interview to be held in person and the use of video conferencing technology violates state law and is thus a denial of his due process rights. (*Id.*)

The state statute at issue provides as follows:

> At the conclusion of 10 calendar years of the prisoner's sentence and thereafter as determined by the parole board until the prisoner is paroled, discharged, or deceased, and in accordance with the procedures described in subsection (9), 1 member of the parole board shall interview the prisoner.

MICH. COMP. LAWS § 791.234(8)(a). The statute goes on to explain that

> [a]n interview conducted under subsection (8)(a) is subject to both of the following requirements:

> (a) The prisoner shall be given written notice, not less than 30 days before the interview date, stating that the interview will be conducted.
>
> (b) The prisoner may be represented at the interview by an individual of his or her choice. The representative shall not be another prisoner. A prisoner is not entitled to appointed counsel at public expense. The prisoner or representative may present relevant evidence in favor of holding a public hearing as allowed in subsection (8)(b).

MICH. COMP. LAWS § 791.234(9).

As relief, Plaintiff seeks a declaratory judgment finding that Defendants' use of video conferencing for parole interviews violates state law and the United States Constitution, an injunction prohibiting Defendants from using video conference technology to conduct any future parole interviews, and an order requiring Defendants to conduct an in-person parole interview with Plaintiff.  (Compl. at 5-6.)

### D.    Discussion

To the extent Plaintiff claims that Defendants violated state law, I suggest that his claim is not cognizable in this federal section 1983 action.  *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (citing *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 174 (3d Cir. 2004) ("Section 1983 does not provide a cause of action for violations of state statutes.")).

To the extent Plaintiff is claiming that the parole procedure utilized in his case violated his due process rights under the federal constitution, however, I suggest initially that his claim is properly brought in this Court under 42 U.S.C. § 1983.  The Sixth Circuit has explained that

> where a prisoner does not claim immediate entitlement to parole or seek a shorter sentence but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case, and that challenge will at best result in a new discretionary hearing the outcome of which cannot be predicted, we hold such a challenge cognizable under section 1983.

*Dotson v. Wilkinson*, 329 F.3d 463, 472 (6th Cir. 2003). Plaintiff's challenge clearly falls within these parameters.

The Due Process Clause provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without process of law." U.S. Const., amend. XIV, § 1; *accord* amend. V. "This Clause imposes procedural limitations on a State's power to take away protected entitlements." *District Attorney's Office for Third Judicial Dist. v. Osborne*, ___S. Ct.___, 2009 WL 1685601, at *10 (June 18, 2009).

To state a procedural due process claim under § 1983, a plaintiff must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Of course, "[a] criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." *Osborne*, at *11. If a plaintiff cannot identify a protected liberty interest that was infringed by the alleged lack of process, he cannot successfully claim that his due process rights were violated because "process is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983). "A liberty interest can arise in one of two ways: (1) from the Due Process Clause itself; or (2) from a state or federal statute." *Ho v. Greene*, 204 F.3d 1045, 1058 (10th Cir. 2000). *See generally Sandin v. Conner*, 515 U.S. 472, 477-87, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

It was established long ago that there is no constitutionally-protected right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Thus, Plaintiff has a protected liberty interest only if Michigan law creates such an interest. In the parole context, whether a state law creates a protected liberty interest "turn[s] on

the presence or absence of language creating 'substantive predicates' to guide discretion."
*Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 462, 109 S. Ct. 1904, 104 L. Ed. 2d
506 (1989).  To create a liberty interest the regulation at issue must "contain 'explicitly mandatory
language,' *i.e*., specific directives to the decision maker that if the regulations' substantive
predicates are present, a particular outcome must follow[.]"  *Id*. at 463.  Under Michigan law, "a
prisoner's release on parole is discretionary with the parole board."  MICH. COMP. LAWS §
791.234(8); *see also People v. Moore*, 417 N.W.2d 508, 512 (Mich. Ct. App. 1987).  Thus, it does
not "create an independent federal due process liberty interest or right in the prisoner."  *Sweeton
v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994) (en banc).

Therefore, I suggest that Plaintiff cannot and has not stated a due process claim under
section 1983, because the alleged violation of Michigan parole interview regulations does not give
rise to a due process violation.[2]  Accordingly, I suggest that the case be *sua sponte* dismissed for
failure to state a claim upon which relief can be granted.

III.   **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation
within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure
to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474
U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932
F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are

---

[2]Alternatively, even if Plaintiff had identified a federal due process liberty interest, I would nevertheless
suggest that Plaintiff has failed to state a claim because the Sixth Circuit has held that allowing a parole officer and
witnesses to participate via video conferencing technology at a parole *revocation* hearing (where due process
requirements are heightened as compared with parole *release* hearings, *see Morrissey v. Brewer*, 408 U.S. 471, 92
S. Ct. 2593, 33 L. Ed. 2d 484 (1972)) did not violate due process.  *Wilkins v. Timmerman-Cooper*, 512 F.3d 768,
775-76 (6th Cir. 2008).

6

advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


                                                          s/ Charles E Binder
                                                          CHARLES E. BINDER
Dated: June 22, 2009                                      United States Magistrate Judge


### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Dale C. Stanfill, #197382, at G. Robert Cotton Correctional Facility, 3500 N. Elm Rd., Jackson, MI, 49201-8887; and served on District Judge Zatkoff in the traditional manner.

Date:  June 22, 2009                   By    s/Jean L. Broucek
                                       Case Manager to Magistrate Judge Binder