UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE CLINTON STANFILL,

          CASE NO. 09-12210
   Plaintiff,          HON. LAWRENCE P. ZATKOFF
          MAG. CHARLES E. BINDER

v.

MICHIGAN PAROLE BOARD,
BARBARA S. SAMPSON, and
JOHN SCHLINKER,

   Defendants.
   _____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

This matter comes before the Court on Magistrate Judge Binder's report and recommendation of June 22, 2009, in which the Magistrate Judge recommends that the Court *sua sponte* dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. Plaintiff has filed an objection to the Magistrate's report and recommendation. The Court has thoroughly reviewed the court file, the report and recommendation, and Plaintiff's objection. As a result of that review, the Court ADOPTS the report and recommendation and enters it as the findings and conclusions of this Court.

On June 8, 2009, Plaintiff filed a pro se complaint for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, claiming that his parole hearing, which was conducted by video conference, violated Mich. Comp. Laws § 791.234(8)(a), which states that one "member of the parole board shall interview the prisoner." In his objection, Plaintiff argues that his claim "focuses entirely on the hearing process itself, i.e., Can the Michigan Parole Board use videoconferencing to conduct parole determination proceedings?" Plaintiff cites to the case *Terrell v. United States*, 564

F.3d 442 (6th Cir. 2009), in which the Sixth Circuit Court of Appeals considered whether the United States Parole Commission may use videoconferencing to conduct parole-determination proceedings. *Id.* at 443. The *Terrell* court noted that when Congress enacted the statute in question, videoconferencing did not exist. Therefore, by using the word "appear" in the statute, Congress "unambiguously required an in-person parole proceeding." *Id.* at 454. In this case, Plaintiff challenges videoconferencing as it relates to a different statute—one that does not use the word, "appear." The statute at issue now before the Court uses the word "interview." Although Plaintiff correctly observes that one definition of "interview" refers to "a meeting face-to-face," the term "interview" is far more ambiguous than "appear." Interviews are routinely conducted in a variety of manners, including by telephone. Because the notion of "interview" is not unambiguous, the Court defers to the parole board's interpretation that videoconferencing satisfies the "interview" requirement. *See id.* at 449.

Therefore, IT IS HEREBY ORDERED that Petitioner's complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff<br>LAWRENCE P. ZATKOFF<br>UNITED STATES DISTRICT JUDGE

Dated: July 20, 2009

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 20, 2009.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290